DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, following a jury trial, in which appellant, Douglas Wright, was found guilty of three counts of theft, in violation of R.C.2913.02(A)(3), and one count of engaging in a pattern of corrupt activities, in violation of R.C. 2923.32(A).
 {¶ 2} On appeal, appellant sets forth the following six assignments of error:
 {¶ 3} "First assignment of error
 {¶ 4} "The trial court erred in allowing the prosecution to use prior acts as evidence to show character and conformance therewith throughout the trial.
 {¶ 5} "Second assignment of error
 {¶ 6} "The prosecutor's course of improper conduct of relying on prior crimes of defendant prohibited him from receiving a fair trial.
 {¶ 7} "Third assignment of error
 {¶ 8} "Defendant was denied effective assistance of counsel due to his counsel's failure to call key employees of Firelands Kitchen Co. as witnesses.
 {¶ 9} "Fourth assignment of error
 {¶ 10} "The trial court erred by not granting defendant's Criminal Rule 29 motion for acquittal.
 {¶ 11} "Fifth assignment of error
 {¶ 12} "The jury's verdict was against the manifest weight of the evidence.
 {¶ 13} "Sixth assignment of error
 {¶ 14} "Defendant was denied effective assistance of counsel due to his counsel's failure to immediately bring improper outside juror communication to the court's attention."
 {¶ 15} Our review of the record reveals the following undisputed facts. On August 10, 2001, the Erie County Grand Jury indicted appellant on three counts of theft pursuant to R.C. 2913.02, and one count of engaging in a pattern of corrupt activities pursuant to R.C. 2923.32. On July 3, 2002, a jury found appellant guilty as charged in the indictment. On July 17, 2002, appellant filed a motion for a new trial, and a memorandum in support thereof. On August 9, 2002, the trial court sentenced appellant to serve a total of 4 years and 11 months in prison. On August 15, 2002, appellant filed a memorandum to supplement his motion for a new trial and, on the same day, the state filed a response in opposition to a new trial. On August 16, 2002, appellant filed a notice of appeal.
 {¶ 16} Before reaching the merits of appellant's assignments of error, we first must consider the issue of this court's jurisdiction. Pursuant to App.R. 3(A), an appeal as of right must be taken within the prescribed time. App.R. 4(A) provides that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of *** entry of the judgment or order appealed ***." However, if a criminal defendant files a timely motion for a new trial pursuant to Crim.R. 33, "the time for filing a notice of appeal begins to run when the order denying the motion is entered. ***" App.R. 4(B)(3).
 {¶ 17} Our review of the record in this case reveals that the trial court has not yet ruled upon appellant's motion for a new trial pursuant to Crim.R. 33. Because the trial court has not resolved appellant's Cramer. 33 motion, the time for filing a notice of appeal has yet to commence. See State v. Poe, (Nov. 5, 1999), Jackson App. No. 99 CA 843; State v. Untied, 5th Dist. No. CT 2001-0019, 2002-Ohio-2471, ¶ 24. (Other citations omitted.)
 {¶ 18} Upon consideration of the foregoing, this court finds that we lack jurisdiction to consider this appeal at this time. The appeal is hereby dismissed at appellant's costs.
 APPEAL DISMISSED.